UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **OSVALDO RIVERA RODRIGUEZ,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 19-cv-02510 (APM) |
| **UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEY,** | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this Freedom of Information Act ("FOIA") action, pro se Plaintiff Osvaldo Rivera Rodriguez seeks records relating to a grand jury that indicted him in the Southern District of New York ("SDNY"). *See* Decl. of Kara Cain, ECF No. 18-3 [hereinafter Cain Decl.], Exs. B & D, ECF No. 18-4 [hereinafter "Ex. __"), at 4, 9.  Following an electronic database search, Defendant identified 82 responsive records but withheld all of them in their entirety pursuant to FOIA Exemptions 3, 6, and 7(C).  *See* Cain Decl. ¶¶ 17–22 (citing 5 U.S.C. §§ 552(b)(3), (6), (7)(C)); Ex. A at 2.  Defendant now moves for summary judgment with respect to the adequacy of its search, withholding of records, and segregability review.  *See* Def.'s Mot. for Summ. J., ECF No. 18, Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 18-2 [hereinafter Def.'s Mot.].  For the reasons the follow, the motion is granted in part and denied in part.

I.

The court grants the motion with respect to the adequacy of the search.  Defendant's declarant, Kara Cain, sufficiently explains why a search of "no other record system was likely to produce responsive documents," and "show[s], with reasonable detail" that the agency's approach

"was reasonably calculated to uncover all relevant documents," *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also* Cain Decl. ¶ 15 (explaining why the U.S. Attorney's Office for the SDNY's records system is the only system that would contain the requested records, and identifying the database used to conduct the search). She also disclosed "the search terms and the type of search performed." *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 738 (D.C. Cir. 2017) (citation and internal quotation marks omitted); *see also* Cain Decl. ¶ 15 (explaining that electronic database searches were performed using Plaintiff's name and case number). Although Plaintiff purports to question the adequacy of the search, his real qualm is with the exemptions asserted. *See* Pl.'s Resp. to Def.'s Mot., ECF No. 21, at 1 (questioning why Defendant "blanketed said search within numerous exemptions"). In any event, he offers no reason to question the sufficiency of Cain's description of the search. Judgment therefore is entered in Defendant's favor as to the adequacy of the search.

## II.

The court reaches a different conclusion as to Defendant's withholdings. Relying primarily on Exemption 3 and the rule of grand jury secrecy, *see* Fed. R. Crim. P. 6(e), Defendant withheld all records, *see* Ex. A at 2. There is, however, "no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Senate of the Commonwealth of Puerto Rico ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). In deciding whether grand jury material is subject to Exemption 3, "the touchstone is whether disclosure would tend to reveal some secret aspect of the grand jury's investigation[,] such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Id.* (citations and internal quotation marks omitted).

Based on the Cain Declaration and the *Vaughn* Index, the court cannot determine whether each withheld record, if disclosed, "would tend to reveal some secret aspect of the grand jury's investigation." *See id.* That evaluation is not possible, because the *Vaughn* Index places the grand jury material in three broad categories—"Grand Jury Records," "Grand Jury Transcripts," and "Grand Jury Preliminary Matters"—that do not allow the court to make the required "touchstone" assessment. Ex. A at 2. An agency is permitted to take a categorical approach, *see Lopez v. Dep't of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005), but the categories used here are too general to permit a meaningful inquiry. To be sure, some of the information that Plaintiff requests is unquestionably protected from disclosure by Exemption 3 and Rule 6(e). For instance, he asks for "grand jury minutes," "[t]ranscripts of the instructions and the charges given to any grand juror," and "grand [j]ury attendance records including the names, times, and the dates of all the grand jurors that heard evidence in the case." *See* Exs. B & D. Such grand jury records are exempt from disclosure. *See Senate of the Commonwealth of Puerto Rico*, 823 F.2d at 582 (identifying certain records as bearing on grand jury secrecy, such as "identities of witnesses or jurors," "the substance of testimony," and "the deliberations or questions of jurors"); *Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204, 209–212 (D.C. Cir. 2015) (finding that dates and times of day the grand jury convened were protected). On the other hand, Plaintiff also asks for a "complete copy of [the] general initial indictment" and a "complete copy of [the] superse[]ding indictment," Ex. B, two records that arguably are not covered by Rule 6(e).

In the end, even if the substantial majority of records withheld by Defendant are entitled to protection, because of the broad nature of the category descriptions, the court cannot determine

the applicability of Exemption 3 to each responsive record. The court therefore cannot, at this time, enter judgment in favor of Defendant with respect to its withholdings.[1]

III.

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 18, is granted in part and denied in part. Defendant may renew its motion with an updated declaration and *Vaughn* Index by June 1, 2020. Plaintiff's Motion for Judicial Notice, ECF No. 17, is denied as moot.

Dated: April 30, 2020

Amit P. Mehta
United States District Court Judge

---

[1] In light of the court's ruling with respect Exemption 3, it need not reach the propriety of the Exemption 6 and 7(C) withholdings. Additionally, until the court determines whether documents were properly withheld, it need not address Defendant's segregability analysis.