UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSVALDO RIVERA-RODRIGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, EXECUTIVE OFFICE )<br>OF THE UNITED STATES ATTORNEY, )<br>)<br>Defendant. )<br>) | Case No. 19-cv-02510 (APM) |

**MEMORANDUM OPINION**

**I.**

This Freedom of Information Act ("FOIA") case is before the court for a second time on Defendant's motion for summary judgment. Plaintiff Osvaldo Rivera Rodriguez, proceeding pro se, requested the records of a grand jury that indicted him in the Southern District of New York. Mem. Op. & Order, ECF No. 22 [hereinafter Mem. Op.], at 1. Defendant initially identified 82 pages of responsive records but withheld them all pursuant to FOIA Exemption 3 based on Federal Rule of Criminal Procedure 6(e), as well as certain portions based on Exemptions 6 and 7(C). *See id.* at 1–2. Defendant moved for summary judgment, but the court denied the motion, except as to the adequacy of the search, because Defendant did not provide sufficient information to enable the court to evaluate its categorical withholding approach with respect to Exemption 3. *Id.* at 3–4. The court did not reach the remaining Exemptions asserted. *Id.* at 4 n.1. The court

permitted Defendant to "renew its motion with an updated declaration and *Vaughn* Index." *Id.* at 4.[1]

Defendant has now done so. Def.'s Mot. for Summ. J., ECF No. 36 [hereinafter Def.'s Mot.], Def.'s Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 36-2 [hereinafter Def.'s Mem.], at 4–8. For the reasons that follow, the motion is granted.

## II.

Exemption 3 permits the government to withhold records that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Rule 6(e) is "a qualifying statute under Exemption 3." *Labow v. U.S. Dep't of Just.*, 831 F.3d 523, 529 (D.C. Cir. 2016). "Consequently, the sole question before [the court] is whether the documents withheld from disclosure fall within Rule 6(e)." *Id.*

Rule 6(e) does not "draw a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury." *Senate of the Commonwealth of Puerto Rico ex rel. Judiciary Comm. v. U.S. Dep't of Just.*, 823 F.2d 574, 582 (D.C. Cir. 1987) (alteration in original) (internal quotation marks omitted). Instead, the court must determine "whether disclosure would tend to reveal some secret aspect of the grand jury's investigation[,] such . . . as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Id.* (internal quotation marks omitted). Such a finding is the "touchstone" of nondisclosure in favor of grand jury secrecy. *Id.*

Defendant's initial *Vaughn* Index grouped all withheld records into three broad categories that prevented the court from making this touchstone finding: "Grand Jury Records," "Grand Jury

---

[1] After it released copies of indictments that the court had suggested were not covered by Rule 6(e), Defendant unexpectedly moved to dismiss the suit based on the release of those records. The court denied the motion to dismiss. Order, ECF No. 34.

Transcripts," and "Grand Jury Preliminary Matters." Mem. Op. at 3. The updated Index provides greater specificity. It states that record pages 19–66 consist of "Grand Jury Minutes," 67–72 consist of "Grand Jury Voting Records" and a "Record of Concurring Grand Jurors," and 73–82 consist of "Grand Jury Instructions/Charges." Def.'s Mot., Ex. 4, ECF No. 36-4 [hereinafter *Vaughn* Index], at 2.[2] The agency's supplemental declaration, submitted by Kara Cain, offers details as to each of these categories. *See generally* Def.'s Mot., Second Suppl. Decl. of Kara Cain, ECF No. 36-3 [hereinafter Second Cain Decl.]. As to "Grand Jury Minutes," she explains that those records are covered by a sealing order issued by the court in the underlying matter and, if disclosed, would "reve[a]l the secret discussions of the grand jury." *Id.* ¶ 11. Regarding "Grand Jury Voting Records" and "Record of Concurring Grand Jurors," those records concern the "voting and deliberation decisions of a grand jury," whose secrecy "ensure[s] jurors have the freedom to freely express their opinions and cast their vote without fear of disclosure." *Id.* ¶ 12. Finally, as to "Grand Jury Instructions/Charges," Cain states that such records "provide a great deal of insight into the inner workings of the grand jury and how its decision was reached." *Id.* ¶ 13.

    Defendant properly withheld all three categories of records. The grand jury minutes are exempt from disclosure under FOIA because those materials, as *Senate of the Commonwealth of Puerto Rico* stated, "would tend to reveal some secret aspect of the grand jury's investigation, such . . . as the identities or addresses of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." 823 F.2d at 582; *Roble v. U.S. Dep't of Just.*, No. 18-5189, 2019 WL 286458, at *1 (D.C. Cir. Jan. 3, 2019) (holding that grand jury transcripts and minutes were properly withheld under

---

[2] Defendant released, in part, the first 18 pages consisting of an original and two superseding indictments, with each foreperson's name redacted pursuant to FOIA Exemptions 6 and 7(C). *Vaughn* Index at 1. The court considers these redactions in section III, *infra*.

Exemption 3); *Sanders v. Obama*, 729 F. Supp. 2d 148, 156 (D.D.C. 2010) ("[A] grand jury transcript itself epitomizes the sensitive details of the proceedings that Congress sought to keep protected."). Grand jury voting records are similarly exempt because they are "secret aspect[s] of the grand jury's investigation" rather than nonexempt "information coincidentally before the grand jury." *Senate of the Commonwealth of Puerto Rico*, 823 F.2d at 582 (internal quotation marks omitted); *Flete-Garcia v. U.S. Dep't of Just.*, No. 19-cv-2382 (RDM), 2021 WL 1146362, at *7 (D.D.C. Mar. 25, 2021) (affirming withholding of "request for grand jury voting records" because it would "require disclosure of core, protected information"). And, under a similar rationale, courts in this District have consistently held that Exemption 3 permits the withholding of grand jury instructions. *See, e.g., id.*; *Selgjekaj v. Exec. Off. for U.S. Att'ys*, No. 20-cv-2145 (CRC), 2021 WL 3472437, at *7 (D.D.C. Aug. 6, 2021); *Cunningham v. Holder*, 842 F. Supp. 2d 338, 345 (D.D.C. 2012).

At no point does Plaintiff specifically rebut any of Defendant's arguments. Instead, he makes repeated reference to the separate criminal action in which he was indicted and argues that "he is entitled to . . . any and all documents for the purpose of preparing a defense." Pl.'s Resp. to Def.'s Mot., ECF No. 39, at 5. But Defendant "fails to recognize that the government's obligations in a FOIA case are not the same as its obligations in the underlying criminal case." *Petrucelli v. U.S. Dep't of Just.*, 106 F. Supp. 3d 129, 134 (D.D.C. 2015). FOIA does not entitle him to grand jury material because he is a criminal defendant. Defendant properly invoked Exemption 3.

## III.

Defendant did release to Plaintiff certain grand jury indictments but withheld the names of the forepersons pursuant to FOIA Exemptions 6 and 7(C). Plaintiff does not appear to contest those withholdings. He stated in opposition to Defendant's initial summary judgment motion that

4

he was "not requesting the 'names' of the jurors associated with the Grand Jury." Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 21, at 2 (emphasis omitted). Those withholdings therefore are not at issue.

But even if they were, the nondisclosure of the forepersons' names was proper. The law in this Circuit is well settled that the names of grand jury forepersons are properly withheld under Exemptions 3, 6, and 7(C). *See, e.g.*, *Murphy v. Exec. Off. for U.S. Att'ys*, 789 F.3d 204, 212 (D.C. Cir. 2015) (affirming withholding under Exemption 3); *Howard v. United States*, 435 F. Supp. 3d 198, 205 (D.D.C. 2020) (finding withholding appropriate under Exemptions 6 and 7(C)) (citing cases).

## IV.

Finally, the court upholds Defendant's determination that it is unable to segregate information withheld under Exemption 3. Exemption 3 is unique insofar as "its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978). In analyzing the segregability of material withheld pursuant to Exemption 3, courts have noted that agencies must not compromise "the secret nature of potentially exempt information." *Beltranena v. U.S. Dep't of State*, 821 F. Supp. 2d 167, 179 (D.D.C. 2011) (internal quotation marks omitted). Those concerns are present here. Defendant has shown that the requested records are properly exempt under Exemption 3 and further states that it is not possible to segregate the records "due to the nature and content of the protected information." Second Cain Decl. ¶ 27. The court agrees and affirms the agency's segregability determination.

**V.**

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 36, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: January 14, 2022

Amit P. Mehta
United States District Court Judge